# FISHBEYN & BRISKIN, L.L.C.

### ATTORNEYS AT LAW

WWW.FnBlegal.com

ALEXANDER FISHBEYN, ESQ.*
PETER E. BRISKIN, ESQ.*

THOMAS E. LAMB II, ESQ.

*ADMITTED IN NY AND NJ

NEW JERSEY OFFICE
17 ACADEMY STREET, SUITE 1200
NEWARK, NEW JERSEY 07102

908.279.7979
908.279.7980 (FAX)

April 30, 2014

*VIA ECF*

The Honorable Katherine S. Hayden, U.S.D.J.
United States District Court,
District of New Jersey
U.S. Post Office and Courthouse
Newark, New Jersey 07102

              Re:        **Simkova v. City of Newark et al.**
              Case No.:   **2:13-CV-01264 (KSH)**

Dear Judge Hayden,

        This letter is being drafted in reply to the Opposition to Plaintiff's Motion for

Reconsideration submitted by counsel for the City of Newark and the Newark Police Department

(hereinafter "Defendant").  Defendant's opposition begins by stating framework by which a

motion for reconsideration is decided, and then in the last paragraph before their arguments in

opposition, addresses the term "newly discovered evidence."   According to the 3d Circuit Court

of Appeals, "new evidence, for reconsideration purposes, does not refer to evidence that a party

obtains or submits to the court after an adverse ruling.  Rather, new evidence in this context

means evidence that a party could not earlier submit to the court because that evidence was not

previously available." Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010).

The Defendant goes on to provide a thorough and complete explanation in his opposition as to dispel any notion of "nefarious action" by Newark.  I have no doubt that counsel for the Defendant has never had any sinister intentions with regards to Plaintiff, and I am confident that all efforts expended on behalf of the Defendant have adhered to all applicable ethical standards. However, this does not change the fact that evidence, which Plaintiff was notified had been requested by Subpoena on December 4, 2013, was received by our office on March 20, 2014. Defendant's lack of "nefarious intent" has no bearing on the delay.  What the delay shows is that this evidence was not available to the Plaintiff.  Defendant's demand by Subpoena for information made any request by Plaintiff unnecessarily duplicative.  As such the newly obtained documentation from the NYPD was not available to Plaintiff until receipt of the materials from Defendant on March 20, 2014.  This was not evidence requested *after* an adverse ruling, nor was it evidence which was "overlooked" by Plaintiff, this is evidence that was requested months in advance of oral argument, and provided to Plaintiff shortly after the date upon which said oral argument was held.

As such, it precluded the Court from considering evidence which had not been available until after the oral argument had been held, and the Plaintiff must respectfully request the Court, in light of the newly discovered evidence, reconsider its March 31, 2014 Order dismissing Plaintiff's complaint.

In the second section of Defendant's Opposition to Plaintiff's Motion for Reconsideration, the Defendant provides his encapsulation of Plaintiff's arguments and states that the newly obtained evidence fails to affect the Court's analysis of the claim.  Defendant states that none of the new evidence supports the "concept that any City employee acted in any

way other than <u>perhaps</u> negligently." Defendant entirely excludes the phrase *deliberate indifference*, a concept which the Plaintiff relied upon in their Complaint. Plaintiff has argued throughout this action that Defendant's failure to train its employees constituted deliberate indifference to the people with whom they come into contact, and in this case, the next of kin of missing persons. *See* <u>Canton v. Harris</u>, 489 U.S. 378 (1989)[1]. In this case, the need for training as to how to identify, locate, and notify next of kin of missing or unknown deceased is obvious in a municipality of Newark's size, and the inadequacy of training is likely to cause a violation of citizen's due process rights. I must respectfully disagree with Defendant's counsel, and assert that conduct revealed by newly discovered evidence represents conduct which exceeds that of mere negligence.

To encapsulate Defendant's encapsulation of the newly discovered evidence, the Newark Police twice informed the NYPD that their records indicated Michael Simko was not in Newark, and the Medical Examiner contacted the Newark Police to see if they needed more time to locate Michael's next of kin. There is no record of the Newark Police's response to the Medical Examiner's Office, but it is clear that whatever, if any, attempts to contact Michael Simko's next of kin failed.

I would respectfully submit that this type of a systematic failure (whether caused by improper or inadequate training) constitutes deliberate indifference which led to the deprivation of Ms. Simkova's due process rights.

---

[1] *See* <u>City of Canton v. Harris</u>, 489 U.S. 378 (U.S. 1989)(*stating* failure to train may fairly be said to represent a policy for which the municipality is responsible, and for which it may be held liable where injury results, if, in the light of the duties assigned to specific officers or employees, the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that municipal policymakers can reasonably be said to have been deliberately indifferent to the need).

For the foregoing reasons, the newly obtained evidence must be reviewed by this Court; the decision must be reconsidered by the Court; and Plaintiff respectfully requests that the Court reverse its decision with regards to the Defendant Newark.

Respectfully Submitted,

FISHBEYN & BRISKIN, L.L.C.,

By:    Peter E. Briskin

CC: All Counsel of Record via ECF