# SWEET PASQUARELLI, P.C.

17A Joyce Kilmer Avenue North
P.O. Box 674
New Brunswick, NJ 08901
Phone: 732-249-7180
Fax: 732-249-7705
www.sweetpasquarelli.com

_____

Anthony P. Pasquarelli◇                                  ◇ CERTIFIED BY THE SUPREME COURT OF NEW
                                                           JERSEY AS A CIVIL TRIAL ATTORNEY
_____
Donald A. Mahoney◇                                        * MEMBER PA BAR
Matthew G. Minor*
William T. Hilliard
Kenneth C. Ho

_____
Stephen G. Sweet  (1998 - 2010)

April 30, 2014

Honorable Katharine S. Hayden, USDJ
United States District Court
United States Post Office & Courthouse
50 Walnut Street
Newark, NJ 07102

RE:   **SIMKOVA, ZDENKA V. CITY OF NEWARK, ET AL**
      Our File No.   :   03290APP
      Civil Action No.:   2:13-cv-01264-KSH-PS

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION
SCHEDULED FOR HEARING ON MAY 19, 2014**

Dear Judge Hayden:

The undersigned represents defendant, Eternity Funeral Services, LLC, in the above referenced matter. By Order dated March 31, 2014, and for the reasons expressed in the Court's written opinion also dated March 31, 2014, the Court entered an Order dismissing all further claims against Eternity Funeral Services, as well as all other parties. The plaintiff has now moved for reconsideration. This letter memorandum is submitted in opposition to the Motion.

SWEET PASQUARELLI, P.C.
File No. 03290APP
Page 2

## **THE PLAINTIFF HAS PRESENTED NO NEW ISSUES**

Plaintiff references the deposition testimony of Aree Booker conducted on February 25, 2014 as providing the basis for "newly discovered" evidence. However, the testimony was available to the plaintiff before the argument on the Motion, and the testimony presented nothing new that had not been considered by the Court in its decision. The argument on the Motions to dismiss took place on March 12, 2014, and the Court considered the matters that are contained in the Brief in support of the Motion for Reconsideration.

The plaintiff's Brief at page 7 states that the decedent's body was released by the County of Essex to Eternity for interment and that the body was buried the same day at the Maple Grove Park Cemetery. Aree Booker, the principal of Eternity Funeral Services, LLC indicates that Eternity inters indigent and unclaimed bodies pursuant to contract with the County of Essex, in accordance with the paperwork provided by the County.

The Court, in its decision in reviewing the plaintiff's Complaint, noted the allegations of the plaintiff's Complaint that the unclaimed body was turned over to the defendant, Eternity Funeral Services in August 2008, and he was buried at the Maple Grove Cemetery in Hackensack.

Case 2:13-cv-01264-KSH-CLW   Document 66   Filed 05/02/14   Page 3 of 6 PageID: 560

SWEET PASQUARELLI, P.C.
File No. 03290APP
Page 3

    The plaintiff states that Mr. Booker, the owner of the funeral home, authorized the interment of the decedent's body, but that is incorrect. The authorization of the release of the body for burial listing the name of the plaintiff, his social security number and address in Virginia Beach, a date of birth and date of death was signed by Dr. Amolat, the Medical Examiner at the Regional Medical Examiner's Office, and the body was authorized to be released by "M. Calderone" on August 4, 2008. (Plaintiff's Motion for Reconsideration, Exhibit E). A social worker, hospital representative or regional medical examiner signs the authorization to release the body for burial when no family member is available.

    Furthermore, the plaintiff in the Motion for Reconsideration states that Eternity took no steps to identify the next of kin when it received the body about nine months after the date of death. However, the plaintiff refers to no willful disregard or intentional conduct on the part of Eternity, or even a legal requirement that Eternity attempt to notify the next of kin. To the contrary, Exhibit C to plaintiff's Brief is a notification from the Compliance Officer at the Medical Examiner's Office, Monica E. Calderone, advising the City of Newark that the decedent, Michael Simko, would be referred for burial on July 1, 2008 and requests that the Police Department review its records and advise if

SWEET PASQUARELLI, P.C.
File No. 03290APP
Page 4

additional time to locate the next of kin is necessary.

Furthermore, attached as Exhibit D are the public notices for the unclaimed body of Michael Simko published in the Newark Star Ledger on June 21, 2008, June 23, 2008 and June 24, 2008. The publication was authorized by Ms. Calderone, the Compliance Officer at the Regional Medical examiner's Office in Newark.

Hence, the plaintiff has not asserted any facts, new or otherwise, establishing that the funeral home acted in a willful and intentional fashion to deprive the plaintiff of any constitutional right.

## **LEGAL ARGUMENT**

The plaintiff correctly notes that "reconsideration is an extraordinary remedy that is granted very sparingly". Brackett, 203 U.S. Dist. LEXIS 21312 (D.N.J. October 7, 2003), plaintiff's Brief at page 9 of 18. Plaintiff also correctly refers to the very demanding standard that a moving party must meet in order for the Court to reconsider a prior decision. For example, the Motion should not be a vehicle for raising new matters or arguments that could have been raised before the original decision was made, nor is it an "opportunity to ask the Court to rethink what it has already thought through". Plaintiff's Brief citing Bowers v. NCAA,

SWEET PASQUARELLI, P.C.
File No. 03290APP
Page 5

13 F. Supp. 2nd 610, 613 (D.NJ 2001).

Here, the plaintiff has presented no new evidence, or any evidence that was not available before the original Motion was heard and decided. He has presented no new legal precedent. The plaintiff makes the incorrect argument that Eternity "was a state actor ..." and deprived the plaintiff of her property interest without due process.

The argument ignores the fact that the Court assumed that Eternity is a state actor such that Section 1983 liability could apply. Therefore, plaintiff's argument that EFS was a state actor is not something that was overlooked by the Court in making its previous determination. As the Court noted in its decision, plaintiff has not pleaded facts sufficient to suggest a sufficient mental state or level of intent for the alleged constitutional deprivation or due process violations. "Negligence cannot implicate a due process claim, only deliberate conduct will do". Chambers v. Sch. Dist. Of Phila. Bd. Of Ed., 587 3rd 176, 191 (Third Circuit 2009). Here, there was no deliberate indifference to the interest of the next of kin with respect to the interment of the decedent. The body had been in the custody of the public officials for almost nine months before it was released for interment. The body was identified by name, date of birth and social security number. The City of Newark Police Department was notified that the

SWEET PASQUARELLI, P.C.
File No. 03290APP
Page 6

body was going to be released for interment. Lastly, notice of the interment was published in a newspaper of general circulation in northern New Jersey, the Newark Star Ledger, before the body was released. The release of the body for interment was signed by the Medical Examiner since no next of kin was identified. There was no conduct on the part of Eternity that even suggests negligence and therefore no basis of a claim for intentional conduct.

There was no deliberate indifference to the constitutional rights of the plaintiff or the consequences of the indifference. Not only was there no deliberate conduct, but no breach of any duty or standard. See generally, <u>A.M. v. Luzerne County Juvenile Det. Ctr.</u>, 372 F. 3rd 572, 580 (Third Cir. 2004).

## **CONCLUSION**

For all of these reasons, and as expressed by the Court in its decision dated March 31, 2014, defendant, Eternity Funeral Services, LLC requests that the plaintiff's Motion for Reconsideration be denied.

                                            Respectfully submitted,

                                            /s/ Anthony P. Pasquarelli

                                            Anthony P. Pasquarelli
                                            apasquarelli@sweetpasquarelli.com

APP/ad

cc: ALL COUNSEL OF RECORD