**Not for Publication**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZDENKA SIMKOVA,<br><br>    *Plaintiff,*<br><br>v.<br><br>CITY OF NEWARK; NEWARK POLICE DEPARTMENT; CITY OF GARFIELD; GARFIELD POLICE DEPARTMENT; OFFICE OF THE NEW JERSEY STATE MEDICAL EXAMINER; ETERNITY FUNERAL SERVICES, LLC; ZHONGXUE HUA, M.D. Ph.D; MONDICA CALDERON,<br><br>    *Defendants*. | No. 13-1264 (KSH)<br><br><br><br>**Opinion and Order** |

**Katharine S. Hayden, U.S.D.J.**

  Before the Court is plaintiff's motion for reconsideration of this Court's dismissal of the complaint with respect to three defendants, the City of Newark, the Newark Police Department (together, the "City of Newark"), and Eternity Funeral Services, LLC ("EFS").[1] Relevant to the Court's decision are the following procedural events:

- The City of Newark filed its motion to dismiss on July 19, 2013 [D.E. 10] and Simkova's opposition brief [D.E. 15] was submitted on August 5.

- By this Court's order on September 6, 2013, discovery remained open.

- The City of Newark filed its reply brief on August 16, 2013 [D.E. 21] and thereafter filed an additional reply brief [D.E. 36] on November 27, annexing documents obtained during discovery.

- The Court held oral argument on the motion dismiss on March 12, 2014.

---

[1]  Plaintiff does not move to reconsider the Court's dismissal with regard to defendants the City of Garfield, Garfield Police Department, Office of the New Jersey State Medical Examiner, Zhongxue Hua or Monica Calderon.

- During argument, the City of Newark made reference to certain documents that were produced in the course of discovery after the parties' briefs had been filed, describing them as "valuable to illuminate the issues."

- Subsequent to the argument, and only days before the Court's written decision granting the defendants' motion, plaintiff was provided with additional documents in discovery.

Plaintiff has submitted exhibits with her moving brief that she received either the day before oral argument on the motion to dismiss or in the short period of time between oral argument and the filing of the Court's opinion granting dismissal.  She argues that Exhibits A through F support the allegations in the complaint that the City of Newark acted with deliberate indifference, and that Exhibit G supports her claims against EFS such that the Court's reasoning in its dismissal opinion must be reconsidered.

A district court has "considerable discretion to decide whether reconsideration is necessary to prevent manifest injustice." *Valcom, Inc. v. Vellardita,* 2014 WL 2965708, at *2 (D.N.J. Jul. 1, 2014) (Walls, J.) (quoting *Disability Rights N.J., Inc. v. Velez*, 2010 WL 5055820, at *2 (D.N.J. Dec. 2, 2010) (Thompson, J.)).

From its review of the transcript of oral argument, and the procedural events listed above, the Court is satisfied that reconsideration is warranted.  Given the evolving factual record, a robotic application of a Rule 12(b)(6) analysis, which is what defendants appear to argue for, too narrowly addresses the issues.  The operative facts are that years after her son Michael failed to show up at Thanksgiving dinner in 2007, plaintiff learned from the New York Police Department that the defendants had found Michael's body, held and ultimately interred it, without informing her despite her persistent efforts to learn what happened to him.  In challenging the sufficiency of the complaint in their dispositive motion, the defendants asked the Court to opine on the sufficiency of plaintiff's evidence in support of her legal theories at the same time as arguably supporting evidence was coming in.  And in arguing for reconsideration, plaintiff is presenting

the fruits of discovery to undo the dismissal of her complaint, when the appropriate time for the Court to evaluate what has been adduced is in the context of a summary judgment motion after discovery is complete. It is then that the parties can present reasoned arguments about whether what the City of Newark did arose from "heightened negligence," *see* the City of Newark's opposition letter at 6, or from "deliberate indifference," *see* Simkova's reply letter at 2-3. Similarly, what if any liability EFS has in light of the information provided by its president, *see* Exhibit G, requires that both sides be heard on a full record.

Based on the foregoing,

It is on this 30th day of March, 2015,

**ORDERED** plaintiff's motion for reconsideration [D.E. 53] is **granted** and the Court's order of dismissal [D.E. 51] is **vacated.** The parties are directed to consult with Magistrate Judge Waldor for orders on discovery and further motion practice consistent with this opinion.

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.