FISHBEYN & BRISKIN, LLC.
By: Peter Briskin, Esq.
Attorneys for the Plaintiff
P.O. Box 489
Hillsdale, NJ  07642

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZDENKA SIMKOVA, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| vs. | |
| CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ETERNITY FUNERAL SERVICES, LLC, MICHAEL CHIRICO (Individually and in his official capacity), P.O. J. HADLEY (Individually and in his official capacity), MIGUEL ARROYO (Individually and in his official capacity), BETHZAIDA CRUZ (Individually and in her official capacity), KEITH JONES (Individually and in his official capacity), LUIS SEGUINOT (Individually and in his official capacity), JOHN EVANGELISTA (Individually and in his official capacity), DETECTIVE VITIELLO (Individually and in his official capacity); MIRIAM SMITH (Individually and in her official capacity). | Civil Action No.: 2:13-cv-01264-KSH-PS

**JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff, ZDENKA SIMKOVA (hereinafter "SIMKOVA"), through her undersigned

counsel and by way of complaint against the defendants alleges as follows:

## PRELIMINARY STATEMENT

1.   This is an action based upon the United States Constitution, 42 U.S.C. § 1983, the New Jersey State Constitution, various New Jersey State statutes, codes and/or regulations, and various common law causes of action.

## JURISDICTION AND VENUE

2.   This Court possesses jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 because it alleges violations of the United States Constitution and 42 U.S.C. § 1983, and therefore raises questions of federal law. Jurisdiction is also based upon 28 U.S.C. § 1343 because relief is sought for the deprivation of Plaintiffs' constitutional rights under color of State law.

3.   This Court possesses supplemental jurisdiction to hear the Plaintiff's state claims pursuant to 28 U.S.C. § 1367 because the state claims arise from a common nucleus of operative fact and are logically linked to the Plaintiff's federal claims.

4.   Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 in that the parties involved reside in this district and because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## PARTIES

5.   Plaintiff Zdenka Simkova is the mother of Michael Simko, now deceased.  Plaintiff resides at 248 Lanza Avenue in Garfield, New Jersey 07026.

6.   Defendant City of Newark (hereinafter "Newark") is a municipality located in Essex County, New Jersey.

7.   Defendant Newark Police Department is a municipal police department acting as the City of Newark's agent in the area of law enforcement.

8.   Defendant Eternity Funeral Services, LLC., is a company duly incorporated and existing pursuant to the laws of the State of New Jersey having its principal offices at 129 Engle Street in Englewood, New Jersey 07631.  Upon information and belief, at all times relevant to this complaint, Defendant Eternity was under contract with the State of New Jersey and acting as an arm of the State when it disposed of the remains of unidentified deceased persons.

9.   Defendant, Michael Chirico (named individually and in his official capacity), is now and at the time of the event relevant to the complaint herein; employed as a Homicide Detective in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

10. Defendant, P.O. J. Hadley (named individually and in his official capacity), is now and at the time of the event relevant to the complaint herein; employed as a Homicide Detective in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

11. Defendant Miguel Arroyo (named individually and in his official capacity), is now and at the time of the event relevant to the complaint of herein; employed as a Sergeant Homicide Detective in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

12. Defendant Bethzaida Cruz (named individually and in her official capacity), is now and at the time of the event relevant to the complaint herein; employed as Sergeant Detective in the

Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko

13. Defendant Keith Jones (named individually and in his official capacity), is now and at the time of the event relevant to the complained herein; employed as Police Officer in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

14. Defendant Luis Seguinot (named individually and in his official capacity), is now and at the time of the event relevant to the complaint herein; employed as a Police Officer in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko

15. Defendant John Evangelista (named individually and in his official capacity), is now and at the time of the event relevant to the complaint of herein; employed as a Lieutenant in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

16. Defendant P.O. Vitiello (named individually and in his official capacity), is now and at the time of the event relevant to the complaint herein; employed as a Criminal Intelligence Detective in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

17. Defendant MIRIAM SMITH (named individually and in her official capacity), is now and at the time of the event relevant to the complaint herein; employed as a Police Officer in the Newark Police Department charged with the duty of investigating and handling of reports pertaining to the matter of Michael Simko.

4

## BACKGROUND

18. Plaintiff Zdenka Simkova is the mother of Michael Simko, now deceased, who went missing on or about Thanksgiving Day November 2007.

19. At the time of his disappearance, Michael Simko resided in Jamaica, County of Queens, State of New York.

20. Upon information and belief, at the time of his disappearance on November 22, 2007, Michael Simko was on his way to visit Plaintiff Simkova in Garfield, New Jersey.

21. On or about November 26, 2007 Plaintiff Simkova went to the Garfield Police Department to file a missing persons report for her son, Michael Simko. A police officer with the Garfield Police Department refused to file a missing persons report and told the Plaintiff that she had to file a report in New York.

22. A missing persons report was filed with the 113th Precinct in Queens, New York on or about November 22, 2007.

23. The missing persons report filed by the New York City Police Department included Michael Simko's name, photograph, description, and the location of where he was last seen, in Newark, New Jersey on or about November 22, 2007.

24. On or about December 1, 2007, Plaintiff Simkova went to the Newark Police Department to file a missing persons report for Michael Simko. Newark Police officers told Plaintiff Simkova that they had seen him the previous day, November 30, 2007, and that Michael Simko had asked to stay overnight in the precinct. The officers did not allow the Plaintiff to file a missing persons report.

5

25. On the reports of a dead body, Newark police officers Luis Suigenot and Keith Jones responded and observed the body of a white male, 25-30 years old, found sitting with his back against a chain link fence near the driveway entrance to the Funeral home.

26. Thereafter, Homicide Detectives Michael Chirico, J. Hadley, and Sgt. M. Arroyo responded to the location to process the scene and wait for the arrival of City Crime Scene Identification Officer Gary Robinson.  In addition, P.O. Vitiello, Sgt. Bethzaida Cruz, and Lt. Evangelist responded the DOA report to process the scene and further investigate.

27. Thereafter, Essex County Medical Examiner's Office had then removed the body from the scene for autopsy and to further investigate.  The Medical Examiner's Office made an evidence/property record of personal items found on the person of Michael Simko, which included two mobile phones.  In no time were any of the personal possessions used to aid in making a positive identification of Michael Simko.

28. City Crime Scene Identification Officer Gary Robinson responded to the Medical Examiner's office and took finger print impressions from the deceased. ID Officer sent the fingerprint impressions to the New Jersey Police AFIS unit which produced no match but when the New Jersey State Police launched the fingerprint impressions through the I-AFIS unit ("international"), an FBI match was found of "Michal Simko," SS # XXX-XX-XXXX, with a reported address of 408 16th Street, Unit 202, Virginia Beach, 23451. This information was reported to the City on November 26, 2007.

29. Thereafter, Det. Michael Chirico of the City's Police Department made attempts to locate Mr. Simko's next of kin by contacting the Virginia Beach Police Department.  After the Virginia Beach Police Department were unable to locate any next of kin at the Virginia location, Det.

Chirico then made a request that an article be placed in the Star Ledger to assist with locating family members.

30. On November 29, 2007, Edward St. John of NYPD, spoke with MIRIAM SMITH of Newark P.D., advising Smitty that he was attempting to locate a missing male and giving her the information for Micheal Simko. MIRIAM SMITH conducted computer checks to see if Simko was arrested but met negative results.

31. Thereafter, Edward St. John asked MIRIAM SMITH to check if there were any unidentified who could possibly be Simko. MIRIAM SMITH again met with negative results. MIRIAM SMITH supplied Edward St. John with two phone numbers to local hospitals where Simko could have been brought to if he was found with no identification. Edward St. John called both University Hospital and St. James Hospital meeting with negative results.

32. On or about December 9, 2007, Plaintiff Simkova returned to the Newark Police Department. At that time another officer told Plaintiff Simkova that they had recently seen Michael Simko alive near a church. A missing persons report was not filed as a result.

33. While Michael Simko was presumed missing, Plaintiff Simkova attempted to post flyers around Newark, New Jersey. Officers from the Newark Police Department did not allow Plaintiff Simkova to post flyers in the Newark Pennsylvania Station nor would they file a missing persons report pertaining to Michael Simko's disappearance.

34. On or about January 11, 2012, Plaintiff Simkova received a call from an NYPD police officer, informing her that her son had been found dead in Newark in November 2007. The officer told Plaintiff Simkova that an official from New Jersey would call her. No official from

New Jersey called the Plaintiff. She then called the NYPD officer who informed her of her son's death, and he instructed her to contact the local medical examiner's office.

35. On January 18, 2012 Plaintiff Simkova went to the Northern Regional Medical Examiner's Office and spoke with Defendant Monica Calderon (hereinafter "Calderon") of the Office of the New Jersey State Medical Examiner.

36. Defendant Calderon showed Plaintiff Simkova photographs of a body, and the Plaintiff positively identified the person in the photographs as her son, Michael Simko.

37. Defendant Calderon provided the Plaintiff with documents pertaining to her son's death.

38. Documents provided to the Plaintiff indicated that Michael Simko had been found dead on November 23, 2007 at 34 Mercer Street in Newark, New Jersey.

39. An autopsy report prepared by the Office of the State Medical Examiner indicated that Michael Simko was identified by his fingerprints on November 27, 2007 by Defendant Dr. Zhongxue Hua, M.D., Ph.D. (hereinafter "Dr. Hua") a medical examiner. Defendants Dr. Hua and Calderon failed to notify the appropriate officials and failed to notify the Plaintiff of the positive identification of her son's body.

40. The death certificate prepared for Michael Simko indicates that his body was turned over to Defendant Eternity Funeral Services, LLC (hereinafter "Eternity") on or about August 2008. Eternity came in possession of the remains pursuant to its contract with the County of Essex for unclaimed or indigent, direct, individual, in-ground burials. The County of Essex paid Eternity $1,080.00 pursuant to its contract for the basic burial service of Michael Simko.

41. On or about August 2008, Defendant Eternity buried Michael Simko's body in a mass grave located at the Maple Grove Cemetery in Hackensack, New Jersey.

42. For over four (4) years the Plaintiff was led to believe that her son was alive when in fact his body had been found in Newark, New Jersey on November 23, 2007 and identified on November 26, 2007.

43. None of the above named defendants ever contacted the Plaintiff after the positive identification of her son's body.

44. On January 13, 2008, "Patricia's Law" was signed into New Jersey Law in an effort to address widespread problems with how state and local law enforcement agencies handled the investigation of missing persons.

45. "Patricia's Law" specifically sought to address widespread issues with the customs and policies of New Jersey law enforcement agencies in handling the investigations of missing persons. The purpose of the bill was, "to improve the ability of law enforcement to locate and return missing persons, to improve the identification of human remains and to improve timely information and notification to the family members of missing persons." S. 2255, Statement, at 1 (N.J. 2008).

46. "Patricia's Law" sought to address problematic customs and policies common to the investigation of missing persons by law enforcement agencies and medical examiners' offices in New Jersey. Such deficient customs and policies were exhibited in the instant case by the above named Defendants.

47. "Patricia's Law" provides for the acceptance of a report of a missing person without delay. A law enforcement agency in New Jersey cannot refuse to accept a report of a missing person because the person has been missing for a short period of time or because the missing

person was in another jurisdiction at the time of disappearance.  N.J. Rev. Stat. § 52:17B-213 (2007).

48. "Patricia's Law" also provides that a medical examiner's office handling the remains of a missing person who is deceased shall, "notify the law enforcement agency handling the missing person's case.  Documented efforts shall be made to locate family members of the deceased person to inform them of the death and location of the remains of their family member." N.J. Rev. Stat. § 52:17B-220(i) (2007).

49. The Plaintiff attempted to file a missing persons report with the Garfield Police Department.  The Garfield Police Department refused to file a missing persons report and instructed Plaintiff Simkova to go to New York to file a report.

50. The Plaintiff attempted numerous times to file a missing persons report with the Newark Police Department but all of her attempts were ignored by the Newark Police Department.

51. The Newark Police Department failed to accept the Plaintiff's report that her son was missing and failed to notify the Plaintiff that her son had been found and then identified by Defendant Dr. Hua on November 27, 2007.

## CONCLUSION

52. The Defendants failed to protect the Plaintiff's rights and or violated the Plaintiff's rights under the United States Constitution, 42 U.S.C. § 1983, the New Jersey State Constitution, various New Jersey State statutes, codes and/or regulations, and various common law causes of action.

53. Because of the actions of the above named defendants, the Plaintiff was not able to direct the burial of her son.

54. As a result of the Defendants' actions, the Plaintiff has suffered grievous harm, emotional and psychological injuries, extreme emotional distress, grief, and sorrow.

## GENERAL ALLEGATIONS

55. The common law of the State of New Jersey and N.J.S.A. § 45:27-22 confer a property right upon parents to control the funeral and disposition of the remains of a deceased child for the purpose of burial in accordance with the parents' wishes. *See*, Strachan v. John F. Kennedy Mem. Hosp., 109 N.J. 523 (1988).

56. The right of the next of kin to possess bodies of deceased family members has been held to create a property interest entitled to due process protection and to be actionable under 42 U.S.C. § 1983. *See*, Newman v. Sathyavaglswaran, 287 F.3d 786 (9th Cir. 2002), cert. denied by Sathyavaglswaran v. Newman, 537 U.S. 1029, 123 S. Ct. 558 (2002).

## FIRST CAUSE OF ACTION
**Due Process Clause of U.S. Cont. amend. XIV § 1, 42 U.S.C. § 1983 and Due Process Pursuant to N.J. Const. art. 1 § 1 – Failure to Train and/or Supervise (against City of Newark, Newark Police Department, and Eternity Funeral Services, LLC)**

57. Plaintiff Simkova repeats and realleges each of the allegations in paragraphs 1 through 56 of this complaint as though set forth below.

58. The Defendants acting under the color of state law violated the Plaintiff's Due Process rights under U.S. Cont. amend. XIV § 1, 42 U.S.C. § 1983 and due process under the N.J. Const. art. 1 § 1 by burying Michael Simko without contacting the Plaintiff or searching for the Plaintiff; thus depriving the Plaintiff of her property rights over the remains of her deceased son, including the right to control the funeral and disposition of his remains.

59. Defendants City of Newark, Newark Police Department, and Eternity, failed to properly train and supervise their officers, agents, employees and personnel on the proper procedures for accepting and filing missing persons reports, investigating and identifying missing persons and unidentified deceased persons, and notifying the appropriate law enforcement officials and/or family members to the identification of deceased persons.

60. By failing to train and/or supervise their officers, agents, employees and personnel, the Defendants failed to observe the rights of the Plaintiff to control the funeral and disposition of her son's remains for the purpose of preservation and burial and they acted with deliberate indifference when they obstructed the Plaintiff's good-faith efforts to file a missing persons report and assert her property rights over the remains of her deceased son.

61. The Defendants' actions were taken either willfully, recklessly or with such gross negligence as to indicate a deliberate indifference to the civil rights of the Plaintiff.

62. As a direct and proximate result of the Defendants' wrongful actions, Plaintiff has suffered emotional distress, grief, sorrow, and pain and suffering.


### SECOND CAUSE OF ACTION
**Due Process Clause of U.S. Cont. amend. XIV § 1, 42 U.S.C. § 1983 and Due Process Pursuant to N.J. Const. art. 1 § 1 – Official Policy or Custom (against City of Newark, Newark Police Department, and Eternity Funeral Services, LLC)**

63. Plaintiff Simkova repeats and realleges each of the allegations in paragraphs 1 through 62 of this complaint as though set forth below.

64. The Defendants City of Newark, Newark Police Department, and Eternity at all times relevant to the complaint maintained official policies and customs that disregarded an

12

individual's property rights over the remains of a deceased relative, including the right to control the funeral and disposition of a relative's remains.

65. Pursuant to an official policy or custom the Defendants failed to accept and file a missing persons report, failed to notify the proper authorities of the identification of Michael Simko's body and failed to notify the Plaintiff of the identification of her son's body before they disposed of his remains.

66. By maintaining these policies and customs, the Defendants failed to observe the rights of the Plaintiff to control the funeral and disposition of her son's remains for the purpose of preservation and burial and they acted with deliberate indifference when they obstructed the Plaintiff's good-faith efforts to file a missing persons report and assert her rights over the remains of her deceased son.

67. The Defendants' actions were taken either willfully, recklessly, or with such gross negligence as to indicate disregard and a deliberate indifference to the civil rights of the Plaintiff.

68. As a direct and proximate result of the Defendants' wrongful actions, Plaintiff has suffered emotional distress, grief, sorrow, and pain and suffering.

### THIRD CAUSE OF ACTION
**Violation of the Free Exercise Clause of U.S. Cont. amend. I and 42 U.S.C. § 1983 (against City of Newark, Newark Police Department, and Eternity Funeral Services, LLC )**

69. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 68 of this complaint as though set forth at length below.

70. The actions of all Defendants as aforementioned, violated Plaintiff Simkova's rights under the First Amendment and 42 U.S.C. § 1983.

13

71. The Defendants failed to accept a missing persons report from the Plaintiff, failed to investigate Michael Simko's disappearance, failed to notify the appropriate authorities and/or officials about the identification of Michael Simko's remains, failed to notify the Plaintiff about the identification of her son's remains, and disposed of Michael Simko's remains without ever contacting the Plaintiff about their possession or intended disposition of Michael Simko's remains.

72. By reason of these acts, the Defendants substantially burdened the Plaintiff's rights to freely exercise her religion and to bury her son according to her religious beliefs, and they did so without a showing of a compelling government interest.

73. As a direct and proximate result of the Defendants' wrongful actions, Plaintiff has suffered emotional distress, grief, sorrow, and pain and suffering.

## FOURTH CAUSE OF ACTION
**Due Process Clause of U.S. Cont. amend. XIV § 1, 42, U.S.C. § 1983 and Due Process Pursuant to N.J. Const. art 1 § 1 – (against Michael Chirico, P.O. J Hadley, Miguel Arroyo, Bethzaida Cruz, Keith Jones, Luis Seguinot, John Evangelista, Detective Vitiello, and MIRIAM SMITH)**

74. Plaintiff Simkova repeats and realleges each of the allegations in paragraphs 1 through 73 of this complaint as though set forth below.

75. The Defendants acting under the color of state law violated the Plaintiff's Due Process rights under U.S. Const. amen. XIV. § 1, 42, U.S.C. § 1983 and due process under the N.J. Const. art. 1 § 1 by burying Michael Simko without contacting the Plaintiff or searching for Plaintiff; thus depriving the Plaintiff of her property rights over the remains of her deceased son, including the right to control the funeral and disposition of his remains.

76. The acts or omissions of Defendants as described herein deprived Plaintiff of her constitutional rights and caused her other damages.

77. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the time.

78. Defendants Michael Chirico, P.O. J. Hadley, Miguel Arroyo, Bethzaida Cruz, Keith Jones, Luis Seguinot, John Evangelista, Detective Vitiello, and MIRIAM SMITH actions and inactions in the identification of next of kin of Michael Simko, as described herein, were taken either willfully, recklessly or with such gross negligence as to indicate a deliberate indifference to the civil rights of the Plaintiff.

79. None of the Defendant officers took reasonable steps in the investigation, collaboration and follow-up on newly discovered facts as to identifying missing persons and unidentified deceased persons, and notifying the appropriate law enforcement officials and/or family members to the identification of deceased persons.

80. These individuals are not entitled to qualified immunity for the complained conduct.

81. As a direct and proximate result of the Defendants' wrongful actions, Plaintiff has suffered emotional distress, grief, sorrow, and pain and suffering entitling her to compensatory and special damages, in amounts to be determined at trial.

82. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants  have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

## FIFTH CAUSE OF ACTION
### Violation of N.J.S.A. § 45:27-22 (against all defendants)

83. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 82 as though set forth at length below.

84. Defendants violated Plaintiff's proper burial rights under New Jersey common law and the laws of the State of New Jersey, specifically N.J.S.A. § 45:27-22, whereby the next of kin has a right to control the funeral and disposition of remains for the purpose of preservation and burial.

85. Defendants' decisions to deprive the Plaintiff of her right to the remains of her deceased son, Michael Simko, were made without any sound justification.  Plaintiff has no adequate remedy at law for the deprivation of her right to control the funeral and disposition of her son's remains for the purpose of preservation and burial under the laws of the State of New Jersey.

86. By reason of the acts of the Defendants as aforesaid, the Plaintiff Zdenka Simkova has suffered anxiety, depression and mental anguish, as well as mental and emotional distress.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be awarded in her favor as follows:

1.  An order awarding compensatory damages in an amount to be determined at trial;

2.  An order awarding prejudgment interest;

3.  An order awarding punitive damages for the constitutional violations of Plaintiff's rights pursuant to 42 U.S.C. § 1983;

4.  An order awarding Plaintiff their costs and disbursements associated with the filing and

maintenance of this action, including an award of reasonable attorneys' fees pursuant to 42

U.S.C. § 1988; and

5.  An order directing such other and further relief as the Court may deem just and proper.

Respectfully submitted by,

DATED: April 23, 2015

Peter E. Briskin, Esq. (PB-7135)
FISHBEYN & BRISKIN, LLC
P.O. Box 489
Hillsdale, NJ 07642
T: 908-279-7979
F: 908-279-7980

## DEMAND FOR JURY TRIAL PURSUANT TO F.R.C.P. 38(b)

Plaintiff demands a trial by jury on all claims triable to a jury.

DATED: April 23, 2015

Peter E. Briskin, Esq. (PB-7135)
FISHBEYN & BRISKIN, LLC
Attorneys for Plaintiff
P.O. Box 489
Hillsdale, NJ  07642
T: 908-279-7979
F: 908-279-7980

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

The undersigned hereby certifies that to the best of her knowledge and belief, there are no other parties who should be joined in this action and there are no other actions pending concerning the above claims.

DATED:  April 23, 2015

Peter E. Briskin, Esq. (PB-7135)
FISHBEYN & BRISKIN, LLC
Attorneys for Plaintiff
P.O. Box 489
Hillsdale, NJ  07642
T: 908-279-7979
F: 908-279-7980

18