UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZDENKA SIMKOVA<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ETERNITY FUNERAL SERVICES, LLC, MICHAEL CHIRICO (Individually and in his official capacity), P.O. J. HADLEY (Individually and in his official capacity), MIGUEL ARROYO (Individually and in his official capacity), BETHZAIDA CRUZ (Individually and in her official capacity), KEITH JONES (Individually and in his official capacity), LUIS SEGUINOT (Individually and in his official capacity), JOHN EVANGELISTA (Individually and in his official capacity), DETECTIVE VITIELLO (Individually and in his official capacity), MIRIAM SMITH (Individually and in her official capacity),<br><br>    Defendants. | NO. 2:13-cv-01264-KSH-CLW<br><br>CIVIL ACTION<br><br>**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, SEPARATE DEFENSES, CROSSCLAIMS AND JURY DEMAND** |

   Defendant, Eternity Funeral Services, LLC, by way of answer to the plaintiff's Complaint, says:

   1.   This defendant denies the allegations contained in paragraphs 1-3, 5, 8, 18-38, and 40-56 of plaintiff's Amended Complaint.

2. This defendant admits the allegations contained in paragraphs 4, 6-7, 9-17 and 39 of plaintiff's Amended Complaint.

### AS TO FIRST CAUSE OF ACTION

1. This defendant repeats and reiterates its response to the allegations contained in paragraphs 1 through 56 of plaintiff's Amended Complaint as if set forth at length herein.

2. This defendant denies the allegations contained in paragraphs 57-62 of the First Cause of Action of plaintiff's Amended Complaint.

WHEREFORE, defendant demands judgment dismissing the First Cause of Action of plaintiff's Amended Complaint, together with costs of suit.

### AS TO SECOND CAUSE OF ACTION

1. This defendant repeats and reiterates its response to the allegations contained in paragraphs 1 through 62 of plaintiff's Amended Complaint as if set forth at length herein.

2. This defendant denies the allegations contained in paragraphs 63-68 of the Second Cause of Action of plaintiff's Amended Complaint.

WHEREFORE, defendant demands judgment dismissing the Second Cause of Action of plaintiff's Amended Complaint, together with costs of suit.

### AS TO THIRD CAUSE OF ACTION

1. This defendant repeats and reiterates its response to the allegations contained in paragraphs 1 through 68 of plaintiff's Amended Complaint as if set forth at length herein.

2. This defendant denies the allegations contained in paragraphs 69-73 of the Third Cause of Action of plaintiff's Amended Complaint.

WHEREFORE, defendant demands judgment dismissing the First Cause of Action of plaintiff's Amended Complaint, together with costs of suit.

## AS TO FOURTH CAUSE OF ACTION

1. This defendant repeats and reiterates its response to the allegations contained in paragraphs 1 through 73 of plaintiff's Amended Complaint as if set forth at length herein.

2. This defendant denies the allegations contained in paragraphs 74-82 of the Fourth Cause of Action of plaintiff's Amended Complaint.

WHEREFORE, defendant demands judgment dismissing the First Cause of Action of plaintiff's Amended Complaint, together with costs of suit.

## AS TO FIFTH CAUSE OF ACTION

1. This defendant repeats and reiterates its response to the allegations contained in paragraphs 1 through 82 of plaintiff's Amended Complaint as if set forth at length herein.

2. This defendant denies the allegations contained in paragraphs 83-86 of the Fifth Cause of Action of plaintiff's Amended Complaint.

WHEREFORE, defendant demands judgment dismissing the First Cause of Action of plaintiff's Amended Complaint, together with costs of suit.

### FIRST SEPARATE DEFENSE

The accident and/or injuries allegedly sustained were caused and/or contributed to by the negligence of the plaintiff and plaintiff's claim, accordingly, is barred or diminished by application of the Comparative Negligence Statute.

### SECOND SEPARATE DEFENSE

The accident and injuries allegedly sustained were caused and/or contributed to by the acts of third persons over whom this defendant had no control.

### THIRD SEPARATE DEFENSE

This defendant breached no duty due and owing to the plaintiff.

### FOURTH SEPARATE DEFENSE

The Amended Complaint herein fails to set forth a cause of action as against this defendant.

### FIFTH SEPARATE DEFENSE

Plaintiff's Amended Complaint is barred by application of the Entire Controversy Doctrine.

### SIXTH SEPARATE DEFENSE

Plaintiff's Amended Complaint is barred by the Doctrine of Waiver and Estoppel.

### SEVENTH SEPARATE DEFENSE

This defendant is entitled to a set off and/or a reduction of any damage award pursuant to N.J.S.A. 2A:15-97 et. seq.

### EIGHTH SEPARATE DEFENSE

The claim of the plaintiff is barred by virtue of the Statute of Limitations.

### NINTH SEPARATE DEFENSE

This defendant is entitled to a set-off and/or reduction of any damage award pursuant to N.J.S.A. 2A:15-5.2, et. seq.

### TENTH SEPARATE DEFENSE

Any and all claims of the plaintiff are barred by reason of lack of jurisdiction over this defendant due to lack of service of process.

### ANSWER TO ALL CROSSCLAIMS

This defendant denies each and every allegation of all Crossclaims filed against this defendant.

### CROSSCLAIM FOR CONTRIBUTION

The defendant Eternity Funeral Services, LLC, demand contribution from the co-defendants, City of Newark, Newark

Police Department, Michael Chirico, P.O. J. Hadley, Miguel Arroyo, Bethzaida Cruz, Keith Jones, Luis Seguinot, John Evangelista, Detective Vitiello and Miriam Smith, pursuant to the Joint Tortfeasors Contribution Act N.J.S.A. 2A:53A-1, et. seq.

## CROSSCLAIM FOR INDEMNIFICATION

### FIRST COUNT

The defendant, Eternity Funeral Services, LLC, by way of crossclaim against the co-defendants, City of Newark, Newark Police Department, Michael Chirico, P.O. J. Hadley, Miguel Arroyo, Bethzaida Cruz, Keith Jones, Luis Seguinot, John Evangelista, Detective Vitiello and Miriam Smith, says:

While denying any liability to plaintiff for the incident and/or injuries alleged, should this defendant be adjudged liable, it asserts that this liability is secondary, vicarious and imputed to that of the co-defendants and that the negligence, if any, was that of the co-defendants named herein, thus giving rise to a duty on the part of the co-defendants to indemnify and hold harmless this defendant from any loss herein.

WHEREFORE, defendant Eternity Funeral Services, LLC demands judgment from the co-defendants named herein for any sums adjudicated against it, for damages, attorney's fees, interest and costs of suit together with such other relief as the Court may deem just and proper under the circumstances.

SECOND COUNT

1. Defendant Eternity Funeral Services, LLC, repeat and reiterate the allegations of Count One as if same were set forth at length herein.

2. Defendant Eternity Funeral Services, LLC, while denying any negligence, assert that the negligence, if any, was that of the said co-defendants, and that the liability of this defendant, if any, was of a derivative or secondary nature and the liability of the co-defendants was of a primary character, thus giving rise to a duty on the part of the co-defendants to hold this defendant harmless and indemnify this defendant from any loss herein.

WHEREFORE, defendant Eternity Funeral Services, LLC demands judgment and/or indemnification against the co-defendants, together with interest and costs of suit.

DEMAND FOR DAMAGES

Attorneys for the plaintiff are hereby required and requested to furnish the undersigned within five (5) days with a written statement of the amount of damages claimed in this action.

JURY DEMAND PURSUANT TO F.R.C.P. 38(b)

Defendant hereby demands trial by jury as to all issues.

DATED: June 4, 2015
/s/Kenneth C. Ho
Kenneth C. Ho, Esq.
SWEET PASQUARELLI, P.C.

```
                              17A Joyce Kilmer Avenue North
                              P.O. Box 674
                              New Brunswick, New Jersey 08903
                              Phone: (732) 249-7180
                              Fax: (732) 249-7705
                              Attorneys for Defendant Eternity
                              Funeral Services, LLC
```

LOCAL CIVIL RULE 11.2 CERTIFICATION

The undersigned hereby certified to the best of his knowledge and belief that there are no other parties who should be joined in this action, and there are no other actions pending concerning the above claims.

DATED: June 4, 2015

/s/Kenneth C. Ho
Kenneth C. Ho, Esq.
SWEET PASQUARELLI, P.C.
17A Joyce Kilmer Avenue North
P.O. Box 674
New Brunswick, New Jersey 08903
Phone: (732) 249-7180
Fax: (732) 249-7705
Attorneys for Defendant Eternity Funeral Services, LLC