Kenneth C. Ho, Esq.
SWEET PASQUARELLI, P.C.
17A Joyce Kilmer Avenue North
P.O. Box 674
New Brunswick, New Jersey 08903
Phone: (732) 249-7180
Fax: (732) 249-7705
Attorneys for Defendant Eternity Funeral Services, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZDENKA SIMKOVA | NO. 2:13-cv-01264-KSH-CLW |
| Plaintiff, | CIVIL ACTION |
| v. | Returnable: September 8, 2015 |
| CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ETERNITY FUNERAL SERVICES, LLC, MICHAEL CHIRICO (Individually and in his official capacity), P.O. J. HADLEY (Individually and in his official capacity), MIGUEL ARROYO (Individually and in his official capacity), BETHZAIDA CRUZ (Individually and in her official capacity), KEITH JONES (Individually and in his official capacity), LUIS SEGUINOT (Individually and in his official capacity), JOHN EVANGELISTA (Individually and in his official capacity), DETECTIVE VITIELLO (Individually and in his official capacity), MIRIAM SMITH (Individually and in her official capacity), | |
| Defendants. | |

**BRIEF IN SUPPORT OF DEFENDANT ETERNITY FUNERAL SERVICES, LLC'S MOTION TO DISMISS**

On the brief:
Kenneth C. Ho, Esq.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . ii

PRELIMINARY STATEMENT. . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . 5

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 7

        POINT I . . . . . . . . . . . . . . . . . . . . . . 10

        DEFENDANT ETERNITY IS ENTITLED TO THE DISMISSAL OF THE
        FIRST AND SECOND CAUSES OF ACTION OF THE COMPLAINT
        BECAUSE PLAINTIFF DOES NOT ALLEGE ANY PLAUSIBLE
        VIOLATION BY DEFENDANT ETERNITY OF HER DUE PROCESS

        POINT II . . . . . . . . . . . . . . . . . . . . . 14

        PLAINTIFF DOES NOT STATE A CAUSE OF ACTION UNDER
        N.J.S.A. 45:27-22 BECAUSE DOES NOT CREATE A PRIVATE
        CAUSE OF ACTION

        POINT III. . . . . . . . . . . . . . . . . . . . . 16

        PDEFENDANT ETERNITY IS ENTITLED TO DISMISSAL OF THE
        THIRD CAUSE OF ACTION OF THE COMPLAINT BECAUSE
        PLAINTIFF DOES NOT ALLEGE ANY PLAUSIBLE VIOLATION OF
        ANY FREE EXERCISE CLAUSE RIGHTS OF THE FIRST AMENDMENT

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . 19

**<u>TABLE OF AUTHORITIES</u>**

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) . . . . . . . . .7-8

<u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544, 570 (2007) . . . . . . . . . . . . . . . . . . 7

<u>Downey v. Coal. Against Rape & Abuse, Inc.</u>,
143 F. Supp. 2d 423, 438 (D.N.J. 2001). . . . . . . . . . . 11

<u>Fowler v. UPMC Shadyside</u>,
578 F.3d 203, 209-210 (3d Cir. 2009) . . . . . . . . . . . . 8

<u>F.R.C.P.</u> 12(b)(6) . . . . . . . . . . . . . . . . . . 3-4, 7

<u>Groman v. Township of Manalapan</u>,
47 F.3d 628, 642 (3d Cir. 1995) . . . . . . . . . . . . . . 11

<u>Hernandez v. C.I.R.</u>, 490 U.S. 680, 699 (1989) . . . . . . . 16

<u>Lee v. Weisman</u>, 505 U.S. 577, 621 (1992). . . . . . . . . . 16

<u>Lyng v. Northwest Indian Cemetery Protective Ass'n</u>,
485 U.S. 439, 447-451 (1988). . . . . . . . . . . . . . . . 16

<u>Mozert v. Hawkins County Bd. of Educ.</u>,
827 F.2d 1058, 1066 (6th Cir. 1987) . . . . . . . . . . . . 17

<u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3rd Cir. 1996) . . . . . . . 7

<u>N.J.S.A.</u> 45:27-22  . . . . . . . . . . . . . . . . . 14-15, 19

<u>Phillips v. County of Allegheny</u>,
515 F.3d 224, 230 (3d Cir. 2008) . . . . . . . . . . . . . . 7

<u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 838 (1982). . . . . . 10-11

<u>School Dist. of Abington v. Schempp</u>,
374 U.S. 203, 223 (1963) . . . . . . . . . . . . . . . . 16-17

<u>Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.</u>,
422 F. 3d 141, 146 (3d Cir. 2005) . . . . . . . . . . . . . 10

<u>Thompson v. Robert Wood Johnson Univ. Hosp.</u>,
2011 WL 2446602, (D.N.J. June 15, 2011) . . . . . . . . 14, 17

<u>United States v. Lee</u>, 455 U.S. 252, 256-257 (1982). . . . . . 16

West v. Atkins, 487 U.S. 42, 48 (1988). . . . . . . . . . . . 10

42 U.S. § 1983. . . . . . . . . . . . . . . . . . . 8, 10-11

**PRELIMINARY STATEMENT**

On or about Thanksgiving 2007, Michael Simko, who lived in Queens, New York and was the son of plaintiff Zdenka Simkova, was allegedly on his way to visit his mother, who lived in Garfield, New Jersey.  Mr. Simko allegedly disappeared on or about November 22, 2007, and the plaintiff reported that he was missing on the same day with the New York Police Department.  Plaintiff Simkova also attempted to file missing persons reports with the City of Garfield and the City of Newark, but her efforts were rebuffed.

On or about January 11, 2012, plaintiff was advised by the New York Police Department that Mr. Simko was found dead on November 23, 2007 in Newark, New Jersey.  The plaintiff's son was apparently identified through his fingerprints, which generated an address in Virginia Beach, Virginia, and efforts to contact the next of kin at that location failed.

On or about August 2008, Mr. Simko's body was turned over from the County of Essex to defendant Eternity Funeral Services (hereinafter "Eternity"), which interred his body at the Maple Grove Cemetery in Hackensack, New Jersey.  Contrary to the claims made in plaintiff's Complaint, defendant Eternity did not violate her constitutional rights or fail to notify Mr. Simko's next of kin, because it was not required to under the New Jersey statute. Further, a funeral director is not liable for the disposition of a

1

body in accordance with the authorization that he has been provided.

**PROCEDURAL HISTORY**

Plaintiff Zdenka Simkova filed a Complaint on March 1, 2013, whose claim against defendant Eternity was essentially burying her son's body for without notification to her. Defendant Eternity filed its Answer on November 11, 2013.

Counsels for defendants City of Newark and Newark Police Department (on July 19, 2013; hereinafter collectively as "Newark defendants"), City of Garfield and Garfield Police Department (on July 19, 2013), and the New Jersey Office of the Medical Examiner (on November 5, 2013) all moved for dismissal of the plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6). Opposition and Reply were filed by the various moving parties. Defendant Eternity did not file a Motion to Dismiss at or about this time.

The Honorable Katharine S. Hayden, U.S.D.J. presided over the motion hearing on March 12, 2014, and by Order dated March 31, 2014 granted the moving defendants' Motions to Dismiss. Judge Hayden, in the same Order, dismissed defendant Eternity and individual defendants Zhongxue Hua and Monica Calderon *sua sponte*.

Plaintiff filed a Motion for Reconsideration on April 11, 2014, moving only to reconsider the Court's dismissal of the Newark defendants and Eternity. Counsel for Newark defendants filed Opposition to plaintiff's motion on April 23, 2014, and defendant Eternity filed its Opposition on May 2, 2014. By Order

3

dated March 30, 2015, Judge Hayden grants plaintiff's motion and vacates the dismissal Order dated March 31, 2014.

An initial Rule 16 conference was shortly thereafter scheduled before The Honorable Cathy L. Waldor, U.S.M.J. on May 18, 2015, where it was requested that the Court clarify as to the consequence of the March 30, 2015 Order, which appeared to have vacated the dismissal Order dated March 31, 2014, even though plaintiff only moved to reconsider the dismissal as to the Newark defendants and defendant Eternity. Defendant Eternity also inquired as to whether the Court will entertain a Motion for Summary Judgment, to which Judge Waldor advised that it will be addressed as the next Rule 16 conference, after certain issues regarding plaintiff's service of pleadings are resolved.

At the next Rule 16 conference on July 20, 2015, Judge Waldor granted leave for defendant Eternity to file a F.R.C.P. 12(b)(6), despite having already filed an Answer.

## **STATEMENT OF FACTS**

Michael Simko was found dead on November 23, 2007 in the City of Newark, and the police that responded to the scene were unable to identify him; his body was removed by the Essex County Medical Examiner for investigation.   See Incident Report attached hereto as **Exhibit A**.    According to Newark Police Department's Continuation Reports (attached hereto as **Exhibit B**), Mr. Simko was identified through his fingerprints with a last known address in Virginia Beach, Virginia, but no family was located there, resulting in an article being placed in the Star-Ledger to inform of his death.

According to the State Medical Examiner Office's Identification Record Form (attached hereto as **Exhibit C**), Mr. Simko was positively identified on November 27, 2007 by fingerprint.  By facsimile dated June 17, 2008 (attached hereto as **Exhibit D**), Monica E. Calderon, Compliance Officer at the State of New Jersey's Regional Medical Examiner Office, advised the detective section of the Newark Police Department that Michael Simko's body was still "unclaimed at the regional medical examiner office in Newark, New Jersey" and to "advise if you need additional time to locate and notify next of kin."

Shortly thereafter, Ms. Calderon made a request by e-mail to Star-Ledger to advertise on June 21, June 23 and June 24, 2008 that Mr. Simko was still unclaimed in Newark, New Jersey.  See e-

5

mail dated June 17, 2008 attached hereto as **Exhibit E**.  See also the public notices on the aforementioned dates, attached hereto as **Exhibit F**.  Pursuant to Regional Medical Examiner's own policy and procedure regarding the "Burial of Unclaimed Decedents" (attached hereto as **Exhibit G**), it states that "[i]n all cases where the family has not been located, refer to appropriate county agency for further investigation and burial arrangements."

On or about July 16, 2008, defendant Eternity was provided with the County of Essex Indigent Burial Authorization Form (attached hereto as **Exhibit H**) for the burial of Mr. Simko, authorized by Dr. Amolat, medical Examiner at the Regional Medical Examiner Office.  Defendant Eternity has a contract with the County of Essex (hereinafter "County") to provide funeral directing services for unclaimed or indigent remains.  Bid Form attached hereto as **Exhibit I**.

**LEGAL ARGUMENT**

Defendant Eternity moves to dismiss this Complaint for failure to state a claim under F.R.C.P. 12(b)(6). That rule provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted. In consideration of a Rule 12(b)(6) motion, the court accepts "as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In this area, the Third Circuit has observed, "Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in [Twombly], continuing with our opinion in [Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)], and culminating recently with the Supreme Court's decision in [Iqbal], pleading standards have seemingly shifted from simple notice pleading to a more

7

heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 209-210 (3d Cir. 2009).

The Third Circuit further explained, "After Iqbal, it is clear that conclusory or 'barebones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Id. at 210 (citations omitted).

In this Circuit, then, on a motion to dismiss for failure to state a claim:

> District courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."

Id. at 210-211 (citations omitted).

The Complaint in this matter, however, does not establish a plausible basis to state a claim under § 1983 because the

Plaintiff cannot prove any violation of any constitutional right.

**I.  DEFENDANT ETERNITY IS ENTITLED TO THE DISMISSAL OF THE FIRST AND SECOND CAUSES OF ACTION OF THE COMPLAINT BECAUSE PLAINTIFF DOES NOT ALLEGE ANY PLAUSIBLE VIOLATION BY DEFENDANT ETERNITY OF HER DUE PROCESS**

Generally, 42 U.S. § 1983 imposes civil liability upon "any person who, acting under the color of state law, deprives another individual of any rights, privileges, or immunities secured by the Constitution or laws of the United States." Shuman ex rel. Shertzer v. Penn Manor Sch. Dist., 422 F. 3d 141, 146 (3d Cir. 2005). To state a cause of action under § 1983, Plaintiff must allege the deprivation of a constitutional right under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Therefore, to succeed on his claims, the plaintiff must satisfy two separate elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A private actor may be deemed to have acted under color of state law only where his or her conduct is "fairly attributable to the state." Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

A private party can be held to be a state actor when the government has so far insinuated itself into a position of interdependence with the private party that it was a joint

10

participant in the enterprise. <u>Downey v. Coal. Against Rape &</u>
<u>Abuse, Inc.</u>, 143 F. Supp. 2d 423, 438 (D.N.J. 2001). There must
be a showing a symbiotic relationship, joint participation or
other connection with the state sufficient to demonstrate that a
party was acting under color of state law. <u>Groman v. Township</u>
<u>of Manalapan</u>, 47 F.3d 628, 642 (3d Cir. 1995). Receipt of
public funds and the performance of a function serving the
public alone are not enough to make a private entity a state
actor, even if the private entity received at least ninety
percent of funds from the state. <u>Rendell-Baker</u>, 457 U.S. at
840, 842.

Defendant Eternity, a private actor, can only be found liable
to the plaintiff under 42 U.S. § 1983 if its conduct can be
"fairly attributable to the State." Although Eternity has a
contract with the County for the burial of unclaimed or indigent
remains, that in itself is not indicative of whether defendant
is "state actor." As the Supreme Court pointed out, Eternity
can receive more than ninety percent of its revenue from the
County for a public service, namely the burial of unclaimed and
indigent individuals, and still not be considered a state actor.

More importantly, the County has not insinuated itself to the
point of becoming a joint enterprise with defendant Eternity.
Although Eternity buries whatever unclaimed or indigent remains
that are sent by the County, it is free to operate independently

11

and perform funeral services outside of its contract, which is not one of exclusivity.

Further, once defendant Eternity is in receipt of the unclaimed or indigent remains from the County, it is no longer involved in the burial process, and Eternity performs the funeral without any participation from the County. While Eternity's contract with the County outlines the duties to be performed by Eternity, the contract does not specifically delineate when or where the body is to be interred.

It is also worth noting that defendant Eternity is not responsible for the location and notification of Michael Simko's next-of-kin. According to the Regional Medical Examiner's Policy and Procedure with respect to the "Burial of Unclaimed Decedents," it is responsible for "identify[ing] those decedents who have been at this facility...then refer to the appropriate agency for further investigation and burial arrangements." Similarly, in cases where the family has not been located, the Regional Medical Examiner is again required to "refer to the appropriate agency for further investigation and burial arrangements." See **Exhibit G**. At no point in the Regional Medical Examiner's Policy and Procedure does it refer to any responsibility on the party of the funeral home to locate, identify or notify the decedent's relatives.

12

It is respectfully submitted that the defendant Eternity is not a state actor, as it does not have a symbiotic relationship with the County.    There is no interdependence between the parties to consider the County to be a joint participant in the enterprise, and whatever revenue or income from the County is essentially immaterial as a factor to determine whether defendant Eternity was a state actor.    Defendant Eternity was not acting under the color of state law, and therefore plaintiff's Complaint should be dismissed as to Eternity.

## II.   PLAINTIFF DOES NOT STATE A CAUSE OF ACTION UNDER N.J.S.A. 45:27-22 BECAUSE DOES NOT CREATE A PRIVATE CAUSE OF ACTION

The "Fifth Cause of Action" of the plaintiff's Complaint alleges that defendant Eternity violated her proper burial rights under N.J.S.A. 45:27-22 by depriving plaintiff of her right to control the funeral and disposition of her son's remains for the purpose of preservation and burial.   That statute merely sequences the order of who has the right to control the funeral and disposition of the human remains; generally, surviving spouse, then adult children, then surviving parents, then surviving siblings, etc. N.J.S.A. 45:27-22(a)(1). It does not authorize a private cause of action in such circumstances as alleged here.

As Judge Pisano succinctly observed in Thompson v. Robert Wood Johnson Univ. Hosp., 2011 WL 2446602, (D.N.J. June 15, 2011), n.2, "N.J.S.A. 45:27-22 does not create a cause of action that is applicable under the facts of this case...[it] cannot serve as the foundation for a cause of action..."   The only import of that statute is that it lends credence to the plaintiff's allegation that she has a recognized property right in the remains of her son "for purposes of [her] constitutional claims." Id.   But as discussed above, even assuming that the Plaintiff has such a property right, there has been no due process violation by defendant Eternity here, and N.J.S.A.

14

45:27-22 does not authorize any separate or additional cause of action against defendant Eternity, as it is only a regulatory statute.

Even assuming *arguendo* that <u>N.J.S.A.</u> 45:27-22 does allow a cause of action, the statute specifically states:

> A person who signs an authorization for the funeral and disposition of human remains warrants the truth of the facts stated, the identity of the person whose remains are disposed and the authority to order the disposition. The person shall be liable for damages caused by a false statement or breach of warranty. A cemetery or funeral director shall not be liable for disposition in accordance with the authorization unless it had reasonable notice that the representations were untrue or that the person lacked the right to control the disposition.

<u>N.J.S.A.</u> 45:27-22(d).

Here, defendant Eternity "disposed" of Michael Simko's remains upon receipt of a "County of Essex Indigent Burial Authorization Form" from the Regional Medical Examiner Officer of Newark, New Jersey, signed by "Dr. Amolat." See **Exhibit H**. Defendant should not be liable for the interment of Mr. Simko's body, as it did so "in accordance with the authorization." <u>Id.</u>

There is no reason whatsoever for Eternity to believe that the representations were untrue or that the County lacked the right to control the disposition, especially since defendant specifically entered into a contract with the County to bury unclaimed or indigent remains.

**III. DEFENDANT ETERNITY IS ENTITLED TO DISMISSAL OF THE THIRD CAUSE OF ACTION OF THE COMPLAINT BECAUSE PLAINTIFF DOES NOT ALLEGE ANY PLAUSIBLE VIOLATION OF ANY FREE EXERCISE CLAUSE RIGHTS OF THE FIRST AMENDMENT**

The Third Cause of Action of the plaintiff's Complaint alleges that defendant Eternity (collectively with all the other defendants) "substantially burdened the Plaintiff's rights to freely exercise her religion and to bury her son according to her religious beliefs, and did so without a showing of a compelling government interest." Plaintiff, however, fails to allege a plausible violation of any free exercise clause rights of the First Amendment by Eternity.

The First Amendment prohibits the government from burdening the free exercise of religion. United States v. Lee, 455 U.S. 252, 256-257 (1982). However, the First Amendment is only implicated if the governmental burden on religion is "substantial." Hernandez v. C.I.R., 490 U.S. 680, 699 (1989).

In order to establish a substantial burden, Plaintiff must allege state action that is either compulsory or coercive in nature. See Lee v. Weisman, 505 U.S. 577, 621 (1992)(a Free Exercise Clause violation is predicated on coercion); see also Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 447-451 (1988); School Dist. of Abington v. Schempp, 374 U.S. 203, 223 (1963)(stating that "[the] purpose [of the Free Exercise Clause] is to secure religious liberty in the

16

individual by prohibiting any invasions thereof by civil authority. Hence it is necessary in a free exercise case to show the coercive effect of the enactment as it operates against him in the practice of his religion."); see also Mozert v. Hawkins County Bd. of Educ., 827 F.2d 1058, 1066 (6th Cir. 1987)(stating that "[i]t is clear that governmental compulsion either to do or refrain from doing an act forbidden or required by one's religion, or to affirm or disavow a belief forbidden or required by one's religion, is the evil prohibited by the Free Exercise Clause.").

In Thompson, supra, plaintiff similarly alleged that the unauthorized autopsy violated their free exercise clause rights. Judge Pisano explained that to establish a violation of free exercise rights a plaintiff must show that the motivation behind the action committed by the defendant was done with the intention "to infringe on her religious sensibilities in any way." 2011 WL 2446602, *25. Absent evidence that the defendants engaged in the conduct with "some motivation relating to [the plaintiff's] religion," Judge Pisano held that the defendant's conduct was not "sufficient to establish a violation of her free exercise clause rights." Id. at *26.

In this matter, the Complaint alleges that defendant Eternity failed to notify the plaintiff and the appropriate authorities regarding Michael Simko's remains, as well as

17

substantially burdening her rights to freely exercise her religion to bury her son according to her religious beliefs. However, as set forth above, defendant Eternity is not a state actor, and was not acting under the color of state law when it interred Mr. Simko's body.  Further, Eternity was not required notify or identify his next-of-kin, as evident by Regional Medical Examiner's Policy and Procedure.

Nevertheless, there is nothing in the Complaint that suggests or implies that plaintiff was compelled or coerced to act in any way contrary to her religious beliefs. There is nothing in the Complaint that suggests or implies that the actions or inactions of defendant Eternity were committed with the intention of infringing on her religious sensibilities or that Eternity's actions were motivated in any way relating to Plaintiff's religion.

Therefore, defendant Eternity's alleged conduct is simply not sufficient facially to establish a violation of Plaintiff's free exercise clause rights under the First Amendment.

## CONCLUSION

Based on the foregoing, plaintiff has failed to state a claim upon which relief can be granted, as the defendant Eternity has not violated the plaintiff's constitutional rights, and that N.J.S.A. 45:27-22 does not create a private cause of action.  It is respectfully submitted that plaintiff's Complaint be dismissed.


DATED: August 4, 2015

/s/Kenneth C. Ho
Kenneth C. Ho, Esq.
SWEET PASQUARELLI, P.C.
17A Joyce Kilmer Avenue North
P.O. Box 674
New Brunswick, New Jersey 08903
Attorneys for Defendant Eternity
Funeral Services, LLC