Kenneth C. Ho, Esq.
SWEET PASQUARELLI, P.C.
17A Joyce Kilmer Avenue North
P.O. Box 674
New Brunswick, New Jersey 08903
Phone: (732) 249-7180
Fax: (732) 249-7705
Attorneys for Defendant Eternity Funeral Services, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ZDENKA SIMKOVA<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ETERNITY FUNERAL SERVICES, LLC, MICHAEL CHIRICO (Individually and in his official capacity), P.O. J. HADLEY (Individually and in his official capacity), MIGUEL ARROYO (Individually and in his official capacity), BETHZAIDA CRUZ (Individually and in her official capacity), KEITH JONES (Individually and in his official capacity), LUIS SEGUINOT (Individually and in his official capacity), JOHN EVANGELISTA (Individually and in his official capacity), DETECTIVE VITIELLO (Individually and in his official capacity), MIRIAM SMITH (Individually and in her official capacity),<br><br>    Defendants. | NO. 2:13-cv-01264-KSH-CLW<br><br>CIVIL ACTION<br><br>Returnable: September 8, 2015 |

**BRIEF IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT**
**ETERNITY FUNERAL SERVICES, LLC'S MOTION TO DISMISS**

                                          On the brief:
                                          Kenneth C. Ho, Esq.

**TABLE OF CONTENTS**

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . .  ii

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    POINT I . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    DEFENDANT ETERNITY FUNERAL HOME, LLC'S MOTION IS NOT PREMATURE AND DISCOVERY HAD ALREADY TAKEN PLACE

    POINT II. . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    DEFENDANT ETERNITY DID NOT ACT UNDER FALSE AUTHORIZATION

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**TABLE OF AUTHORITIES**

Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) . . . . . . . . 2

Downey v. Coal. Against Rape & Abuse, Inc.,
143 F. Supp. 2d 423, 438 (D.N.J. 2001) . . . . . . . . . . . . . 1

Flagg Bros. v. Brooks, 436 U.S. 149 (1978) . . . . . . . . . . . 2

Groman v. Township of Manalapan,
47 F.3d 628, 642 (3d Cir. 1995). . . . . . . . . . . . . . . . . 1

Mateen v. American President Lines,
2013 WL 3694808 (D.N.J. July 31, 2013) . . . . . . . . . . . . 1-2

N.J.S.A. 45:27-22 . . . . . . . . . . . . . . . . . . . . . . 4-5, 7

Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). . . . . . . . . 1

Thompson v. Robert Wood Johnson Univ. Hosp.,
2011 WL 2446602, (D.N.J. June 15, 2011). . . . . . . . . . . . . 5

**LEGAL ARGUMENT**

**I.   DEFENDANT ETERNITY FUNERAL HOME, LLC'S MOTION IS NOT PREMATURE AND DISCOVERY HAD ALREADY TAKEN PLACE**

Plaintiff argues that defendant Eternity Funeral Services, LLC's (hereinafter "Eternity") is premature because "additional discovery may" lead to a finding that it was a state actor. However, defendant Eternity has already served its discovery responses on the plaintiff, and its principal, Aree Booker, has already been deposed. Plaintiff has not sought additional discovery from defendant Eternity, nor has she articulated what possible "additional discovery" would lead to such a conclusion.

Plaintiff cites in her Opposition an unpublished opinion, Mateen v. American President Lines, 2013 WL 3694808 (D.N.J. July 31, 2013), for the four tests that the Supreme Court regarding whether an action was taken under state law. Plaintiff then argues that defendant relied primarily on Rendell-Baker v. Kohn, 457 U.S. 830 (1982), but, for reasons only known to plaintiff's counsel, ignored defendant's citation and application of Downey v. Coal. Against Rape & Abuse, Inc., 143 F. Supp. 2d 423 (D.N.J. 2001) regarding entwinement, and Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir. 1995) regarding symbiotic relationships.

Nevertheless, an analysis of the remaining Supreme Court tests for state action will not find defendant Eternity to be a

1

state actor. The "public function" test set forth in <u>Flagg Bros. v. Brooks</u>, 436 U.S. 149 (1978) requires that the private entity exercises a power traditionally exclusive to the State, such as holding an election. The interment of dead bodies by defendant Eternity is not such a State power. The "state compulsion" test articulated in <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970) requires the State to exercise such coercive power over the private actor that its choices are deemed to be those of the State. Here, there is no coercion by the State; defendant Eternity freely entered into a contract with the County of Essex to inter indigenous or unclaimed bodies through a bidding process. When a body is sent to Eternity for interment, there is no coercive effect on the defendant, because that is the function of Eternity for which the County of Essex contracted.

Particularly telling in plaintiff's Opposition is that, despite having received discovery and deposed Aree Booker, plaintiff has not set forth any arguments whatsoever under the enumerated tests in <u>Mateen</u> that defendant Eternity is a state actor. No amount of discovery is going to make burials of dead bodies an exclusive State power or turn a contract sought by defendant Eternity into coercion by the State. Further discovery will also not create a symbiotic relationship from one that defendant Eternity is allowed to operate independently or

2

intertwine the County of Essex into a burial process that it has no hand in.

Based on the foregoing, plaintiff's Complaint should be dismissed as to Eternity.

**II. DEFENDANT ETERNITY DID NOT ACT UNDER FALSE AUTHORIZATION**

In arguing for defendant Eternity's liability for violation of N.J.S.A. 45:27-22, plaintiff completely disregards one crucial and undisputed fact: that the interment of Michael Simko's remains was through and by the authority of the County of Essex. Attached to defendant Eternity's **Exhibit H** was the "COUNTY OF ESSEX INDIGENT BURIAL AUTHORIZATION FORM," signed by Dr. Amolat, medical examiner of the Regional Medical Examiner Office, with whom Eternity had a contract (see defendant Eternity's **Exhibit I**) for the performance of such a task. Plaintiff somehow ignores defendant Eternity's **Exhibit H**, and audaciously argues that "neither Mr. Booker nor any of Eternity's employees sought to have an authorization executed by a representative of Essex County." Any claim that defendant Eternity that did not have authority to bury Mr. Simko's body should be dismissed out of hand.

Pursuant to N.J.S.A. 45:27-22(d), Dr. Amolat signed the "authorization for the funeral and disposition" of Mr. Simko, and therefore, neither Mr. Booker nor defendant Eternity was acting upon false authority when Maple Grove Park Cemetery was authorized to be the place of burial Mr. Simko. Rather, defendant Eternity was acting upon the apparent authority from the County of Essex.

4

Even assuming that the County of Essex did not have the authority to order the disposition, there was no reason for defendant Eternity to have "reasonable notice that the representations were untrue or that the person lacked the right to control the disposition," since the authority came from the County of Essex with whom it had a contract. Funeral director Aree Booker, and by extension, defendant Eternity, "shall not be liable for disposition in accordance with the authorization" and for performing its duty to inter Mr. Simko's body, pursuant to N.J.S.A. 45:27-22(d).

Any actions that Mr. Booker and defendant Eternity undertook following the authorization from the County of Essex was in accordance with their contract, and under the reasonable assumption that its representations were true and had the right to control the disposition. The recognition by the plaintiff of the Office of the New Jersey State Medical Examiner's apparent authority to control the disposition is evident in plaintiff decision to not move to reconsider its dismissal.

Respectfully, it is worth reiterating that, in Thompson v. Robert Wood Johnson Univ. Hosp., 2011 WL 2446602, (D.N.J. June 15, 2011), Judge Pisano dismissed the plaintiff's N.J.S.A. 45:27-22 claim, and pointed out that there was no indication that the person performing the autopsy (in alleged violation of the statute) knew about the plaintiff's objections, or that it

5

was willful conduct.  Similarly, defendant Eternity was wholly unaware of any objections from plaintiff Simkova and did not willfully inter Mr. Simko over her objections.  Rather, Eternity simply acted upon authorization from the County of Essex and pursuant to their contract, without any reasonable doubt as to its representation or authority.

## **CONCLUSION**

Based on the foregoing, plaintiff has failed to state a claim upon which relief can be granted, as the defendant Eternity has not violated the plaintiff's constitutional rights, and there was no violation of N.J.S.A. 45:27-22. It is respectfully submitted that plaintiff's Complaint be dismissed.

|  |  |
|---|---|
| DATED: August 28, 2015 | /s/Kenneth C. Ho<br>Kenneth C. Ho, Esq.<br>SWEET PASQUARELLI, P.C.<br>17A Joyce Kilmer Avenue North<br>P.O. Box 674<br>New Brunswick, New Jersey 08903<br>Attorneys for Defendant Eternity<br>Funeral Services, LLC |