**WILLIE L. PARKER, CORPORATION COUNSEL**
**CITY OF NEWARK – DEPARTMENT OF LAW**
**920 Broad Street, Room 316**
**Newark, New Jersey 07102**
**Attorney for Defendants (1) City of Newark (and for the improperly pled entity, "Newark Police Department"), (2) Michael Chirico; (3) Miguel Arroyo; (4) Keith Jones; (5) Luis Sequinot; (6) John Evangelista; (7) Vincent Vitiello; and (8) Mirian Smith**

**By:    Gary S. Lipshutz, Esq.**
**Assistant Corporation Counsel**
**Telephone (973) 733-5945**
**Facsimile (973) 733-5394**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ZDENKA SIMKOVA,** | No. 13-cv-1264 (KSH) |
| Plaintiff, | Civil Action |
| v. | |
| **CITY OF NEWARK, NEWARK POLICE DEPARTMENT, ETERNITY FUNERAL SUERVICES, LLC, MICHAEL CHIRICO, MIGUEL ARROYO, BETHZAIDA CRUZ, KEITH JONES, LUIS SEGUINOT, JOHN EVANGELISTA, DETECTIVE VITIELLO, MIRIAM SMITH,** | **ANSWER OF THE CITY OF NEWARK DEFENDANTS** |
| Defendants. | |

Defendants: (1) City of Newark (and for the improperly pled entity, "Newark Police Department") a municipal corporation located at 920 Broad Street, Newark, New Jersey, and individual defendants (2) Michael Chirico; (3) Miguel Arroyo; (4) Keith Jones; (5) Luis Sequinot; (6) John Evangelista; (7) Vincent Vitiello; and (8) Mirian Smith, employees of the City of Newark, by way of Answer to the within Amended Complaint, say:

## PRELIMINARY STATEMENT

1.      Neither admitted nor denied.

## JURISDICTION AND VENUE

2.      Neither admitted nor denied. Plaintiff is left to her proofs.

3.      Denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

4.      Admitted.

## PARTIES

5.      Defendants have no knowledge.

6.      Admit that the City of Newark is a municipal corporation.

7.      The police department is a department of the City of Newark, only, and not a party that can sue or be sued.

8.      Defendants make no answer to the allegations contained in this paragraph that are not specifically directed to these answering defendants; however, should such allegations be deemed applicable to these defendants, they are denied.

9.      Admit that Defendant Chirico was a police officer at the operative time.

10.     Admit that Defendant Hadley was a police officer at the operative time.

11.     Admit that Defendant Arroyo was a police officer at the operative time.

12.     Admit that Defendant Cruz was a police officer at the operative time.

13.     Admit that Defendant Jones was a police officer at the operative time.

14.     Admit that Defendant Seguinot was a police officer at the operative time.

15.     Admit that Defendant Evangelista was a police officer at the operative time.

16.     Admit that Defendant Vitiello was a police officer at the operative time.

17.     Denied.  Defendant Smith was a civilian employee of the City at the operative time.

## Background

18.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

19.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

20.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

21.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

22.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

23.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

24.     Denied.

25.     Admit.

26.     Denied.

27.  Defendants make no answer to the allegations contained in this paragraph that are not specifically directed to these answering defendants; however, should such allegations be deemed applicable to these defendants, they are denied.

28.  Admit that Officer Robinson obtained fingerprints that identified Michael Simko.  Deny the date of November 26, 2007.

29.  Admit.

30.  Neither admitted nor denied.  Defendants leave Plaintiff to her proofs.

31.  Neither admitted nor denied.  Defendants leave Plaintiff to her proofs.

32.  Denied.

33.  Denied.

34.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

35.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

36.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

37.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

38.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

39.  Defendants make no answer to the allegations contained in this paragraph that are not specifically directed to these answering defendants; however, should such allegations be deemed applicable to these defendants, they are denied.

40. Defendants make no answer to the allegations contained in this paragraph that are not specifically directed to these answering defendants; however, should such allegations be deemed applicable to these defendants, they are denied.

41. Defendants make no answer to the allegations contained in this paragraph that are not specifically directed to these answering defendants; however, should such allegations be deemed applicable to these defendants, they are denied.

42. Denied.

43. Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and leaves Plaintiff to her proofs.

44. Neither admitted nor denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

45. Neither admitted nor denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

46. Neither admitted nor denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

47. Neither admitted nor denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

48. Neither admitted nor denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

49. Defendants make no answer to the allegations contained in this paragraph that are not specifically directed to these answering defendants; however, should such allegations be deemed applicable to these defendants, they are denied.

50. Denied.

51.    Denied.

## Conclusion

52.    Denied.

53.    Denied.

54.    Denied.

## General Allegations

55.    Denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

56.    Denied.

## COUNT I

57.    Defendants repeat and rely upon their Answer to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

## COUNT II

63.    Defendants repeat and rely upon their Answer to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

## COUNT III

69.    Defendants repeat and rely upon their Answer to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

## COUNT IV

74.    Defendants repeat and rely upon their Answer to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    Denied.

82.    Denied.

## COUNT V

83.    Defendants repeat and rely upon their Answer to the prior allegations of Plaintiff's Complaint as though it were set forth herein.

84.  Denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

85.  Denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

86.  Denied.  Plaintiff's state law tort claims are barred by the Plaintiff's failure to file any Notice of Tort Claim.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiffs' claims are barred as a result of insufficient service of process.

### SECOND SEPARATE DEFENSE

Plaintiffs' claims are barred as a result of insufficiency of process.

### THIRD SEPARATE DEFENSE

Plaintiffs' claims are barred for failure to state a cause of action against these defendant upon which relief may be granted.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred by applicable law, rule, statute or regulation, including but not limited to the Statute of Limitations, controlling or requiring the institution of suit within a certain period of time following actual accrual, was not complied with by the claimant, and accordingly, the claimant's claims are barred as a matter of law.

### FIFTH SEPARATE DEFENSE

These Defendants are free of any and all negligence.

## SIXTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by Plaintiffs were caused through the sole negligence of Plaintiffs.

## SEVENTH SEPARATE DEFENSE

Any injuries or damages allegedly sustained by Plaintiffs were caused through the sole negligence of any co-defendants.

## EIGHTH SEPARATE DEFENSE

Any injuries or damages that may have been sustained by Plaintiffs were caused through the sole negligence of third parties over whom this Defendant had no control.

## NINTH SEPARATE DEFENSE

Any injuries or damages that may have been sustained by Plaintiffs were the result of an unavoidable accident for which this defendant is not liable.

## TENTH SEPARATE DEFENSE

The Defendants deny that it or anyone in its stead violated any duties or created any conditions that were the proximate cause of the damages allegedly sustained by the Plaintiffs.

## ELEVENTH SEPARATE DEFENSE

This Defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to This Defendant under N.J.S.A. 59:1-1, et. seq., the New Jersey Tort Claims Act.

## TWELFTH SEPARATE DEFENSE

This Defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to This Defendant under N.J.S.A. 59:2-1, et. seq., particularly N.J.S.A. 59:2-3, 59:2-4, 59:2-5, 59:2-6, 59:3-2, 59:3-6 and 59:3-7.

## THIRTEENTH SEPARATE DEFENSE

This Defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to This Defendant under N.J.S.A. 59:3-3, et seq.

## FOURTEENTH SEPARATE DEFENSE

This Defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to This Defendant under N.J.S.A. 59:5-2, et seq.

## FIFTEENTH SEPARATE DEFENSE

This Defendant affirmatively and specifically pleads each and every defense, limitation or immunity provided to This Defendant under N.J.S.A. 59:8-1, et. seq., particularly 59:8-4, 59:8-6, and 59:8-8, including but not limited to, failure to substantially comply with the notice provisions of Title 59, failure to provide hospital and medical records, notes and bills, and failure to file a Notice of Claim within ninety days as required.  All of the Plaintiff's tort claims against this defendant are barred by statute; plaintiff never filed any tort claim notice.

## SIXTEENTH SEPARATE DEFENSE

Any recovery to which plaintiff might otherwise be entitled is subject to reduction in accordance with the limitations on damages provided in N.J.S.A. 59:9-2, including but not limited to 59:9-2(d).

## SEVENTEENTH SEPARATE DEFENSE

Any liability which might otherwise be imposed upon this defendant must be reduced by the application of the Standard of Comparative Negligence mandated by N.J.S.A 59:9-4.

## EIGHTEENTH SEPARATE DEFENSE

The Plaintiff assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### NINETEENTH SEPARATE DEFENSE

The Plaintiff's claims are barred under the doctrines of laches and unclean hands.

### TWENTIETH SEPARATE DEFENSE

The claims against this Defendant are barred by the doctrine of res judicata and/or collateral estoppel.

### TWENTY-FIRST SEPARATE DEFENSE

Any and all of the damages alleged by Plaintiff was the result of an Act of God.

### TWENTY-SECOND SEPARATE DEFENSE

The Entire Controversy Doctrine bars the Plaintiff's claims against this Defendant.

### TWENTY-THIRD SEPARATE DEFENSE

The Doctrine of Equitable Estoppel bars the Plaintiff's claims against this Defendant.

### TWENTY-FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred because Plaintiffs have not been deprived of any right, privilege or immunity created or recognized by the United State Constitution, New Jersey State Constitution, of any Act of Congress or New Jersey state law.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred because the individual Defendants engaged in the good faith performance of their duties at all times relevant to the subject matter of the Complaint, and therefore, are entitled to immunity from liability under both State and Federal laws.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred because this Defendant did not deprive Plaintiff of due process under the law.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred because this Defendant is entitled to qualified, executive and/or good faith immunity.

### TWENTY-EIGHTH SEPARATE DEFENSE

Plaintiff's claims are barred because the Defendant City of Newark is a Municipal Corporation of the State of New Jersey and has at no time adopted, enacted, permitted or condoned a policy or practice by which the constitutional rights of plaintiff were violated.

### TWENTY-NINTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages against this Defendant.

### THIRTIETH SEPARATE DEFENSE

Plaintiff is not entitled to injunctive relief.

### THIRTY FIRST SEPARATE DEFENSE

This defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

### JURY DEMAND

Defendants hereby demand a trial by jury as to all issues contained herein.

**WHEREFORE**, Defendants respectfully demand Plaintiff's Complaint be dismissed with prejudice and seeks costs to be assessed against the Plaintiff.

Willie Parker
Corporation Counsel

By:  _/s/ Gary S. Lipshutz__
        Gary S. Lipshutz
        Assistant Corporation Counsel

Dated: December 15, 2015

## CERTIFICATION OF FILING

The undersigned certifies that the Answer to the Complaint on behalf of Defendant has

been filed and served electronically.

Willie Parker
Corporation Counsel

By:  /s/ Gary S. Lipshutz
        Gary S. Lipshutz
        Assistant Corporation Counsel

Dated: December 15, 2015