# SWEET PASQUARELLI, P.C.

17A Joyce Kilmer Avenue North
P.O. Box 674
New Brunswick, NJ 08903
Phone: 732-249-7180
Fax: 732-249-7705
www.sweetpasquarelli.com

---

Anthony P. Pasquarelli◇   ◇ CERTIFIED BY THE SUPREME COURT OF NEW JERSEY AS A CIVIL TRIAL ATTORNEY

Donald A. Mahoney◇   * MEMBER PA BAR
Matthew G. Minor*   ** MEMBER NY BAR
Kenneth C. Ho
Joy-Michele Johnson**

_____
Stephen G. Sweet (1998 - 2010)

February 2, 2016

**via CM/ECF**
The Honorable Cathy L. Waldor, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

RE:   **SIMKOVA, ZDENKA v. CITY OF NEWARK, et al.**
      Our File No.   : 03290APP
      Docket No.     : 2:13-cv-01264-KSH-CLW

Dear Judge Waldor:

Please find this correspondence with regard to the above-captioned matter, as this office represents defendant Eternity Funeral Services, LLC (hereinafter "Eternity"). Please accept this letter as a follow-up to the inquiries that Your Honor made regarding the Motion to Dismiss filed by defendant Eternity.

During the telephone conference on January 29, 2016, Your Honor had a specific question regarding the authorization defendant Eternity received from the County of Essex for the interment of decedent Michael Simko, the son of the plaintiff. The particular document, "County of Essex Indigent Burial Authorization Form" (attached as **Exhibit H** to defendant's motion), was provided in support of defendant's position.

Plaintiff disagreed with defendant Eternity and stated that the authorization was only regarding burial fees. The paragraph the plaintiff referred to states:

SWEET PASQUARELLI, P.C.
File No. 03290APP
Page 2

> I request that the County of Essex assume financial responsibility for, and arrange the burial of the above named under N.J.S.A. 40A:9-49.1 Burial expense of indents. <u>I hereby authorize the release of the body for burial.</u>

See **Exhibit H** attached to defendant Eternity's Motion to Dismiss; emphasis added.

While plaintiff is correct that the authorization form does request the County of Essex to assume the statutory financial responsibility for the burial of Michael Simko, it is only part of the boxed/highlighted provision on the form. In a separate sentence, apart from the reference to N.J.S.A. 40A:9-49.1, Dr. Amolat, the medical examiner from the Regional Medical Examiner Office, specifically "authorize[d] the release of the body for burial."

Therefore, defendant Eternity did receive the proper authorization, from the County of Essex and Dr. Amolat, regarding the burial of Michael Simko, pursuant to N.J.S.A. 45:27-22(d), and interred his body in accordance with that authorization. Defendant Eternity should not be held liable for the interment of Michael Simko from its reliance upon the representation of the County of Essex of its authority to release his body for burial.

Thank you for your kind consideration of foregoing issue regarding defendant Eternity's Motion to Dismiss. Please do not hesitate to contact me should you have any further inquiries.

                                        Respectfully submitted,


                                        Kenneth C. Ho
KCH/k                                   kho@sweetpasquarelli.com